UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTONIO O. DIAS, JR., | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | *   Civil No. 15-30165-MGM |
| TIMOTHY J. CRUZ and MAURA HEALEY, | * |
| | * |
| | * |
| Respondents. | * |
| | * |

ORDER DENYING CERTIFICATE OF APPEALABILITY

June 7, 2016

MASTROIANNI, U.S.D.J.

On March 31, 2016, the court dismissed the Petition for a Writ of Habeas Corpus of Antonio Dias, Jr. ("Petitioner"). (Dkt. No. 22.) On April 5, 2016, Petitioner filed a notice of appeal to the First Circuit Court of Appeals. (Dkt. No. 24.) On May 27, 2016, the First Circuit issued an order directing this court to issue or deny a certificate of appealability pursuant to 28 U.S.C. § 2253. (Dkt. No. 28.)

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing when a petition is denied on procedural grounds, a petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This is "a low barrier," *Jenkins v. Bergeron*, 2015 WL 461911, at *1 (D. Mass. Feb. 4, 2015), but the petitioner must demonstrate "something more than the absence of frivolity or the existence of mere good faith." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

Petitioner pleaded guilty to six criminal charges on November 8, 1996 and served his sentence. After being released from custody, he was deported to Portugal on February 16, 1999, and he has resided in Portugal since that time. The court dismissed the Petition because it found Petitioner does not meet the jurisdictional "in custody" requirement to be eligible for habeas relief. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Every decision of which the court is aware has held that an individual who files a petition for habeas relief after being deported is not "in custody" for habeas purposes unless he can demonstrate extreme circumstances or show that he is subject to restraints on his liberty not shared by ordinary non-citizens living outside the United States. *See Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011); *Kumarasamy v. Attorney General*, 453 F.3d 169, 173 (3d Cir. 2006); *Samirah v. O'Connell*, 335 F.3d 545, 549-50 (7th Cir. 2003); *Patel v. U.S. Attorney General*, 334 F.3d 1259, 1263 (11th Cir. 2003); *Miranda v. Reno*, 238 F.3d 1156, 1158-59 (9th Cir. 2001).

Because Petitioner was deported for crimes to which he pleaded guilty and his repeated collateral attacks on his conviction in state court have failed, no extreme circumstances exist here. There is no indication that Petitioner is subject to any restraints on his liberty not shared by ordinary non-citizens outside the United States. At best, Petitioner's arguments to the contrary do not demonstrate anything more than mere good faith or absence of frivolity. Reasonable jurists have not debated the conclusion that an individual in Petitioner's situation is not "in custody" for habeas purposes, and the court finds they could not debate this procedural ruling. *See Miranda*, 238 F.3d at 1159 ("No interpretation of § 2241 that is not utterly at war with its plain language permits us to exercise habeas corpus jurisdiction over . . . [i]mmigrants who have already been removed.").

In addition to the jurisdictional bar that Petitioner cannot overcome, the court noted that his claim has been time-barred since January 10, 1998. Petitioner argues a new constitutional right recognized in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), restarts the limitations period, but *Martinez* is

entirely inapplicable to his case. *Martinez* held that procedural default of an ineffective assistance of trial counsel claim in a petitioner's first post-conviction motion may be excused due to ineffective assistance of counsel at the first post-conviction motion phase. *Id.* at 1315. In this case, at the first post-conviction motion phase, Petitioner did not procedurally default on his ineffective assistance of trial counsel claim. His first post-conviction motion attorney actually raised this claim and it was denied on the merits. Therefore, the remedy afforded by *Martinez* does not apply to Petitioner's case, and reasonable jurists could not debate this point.

Because the court denied Petitioner's claim on two independent procedural grounds that it finds reasonable jurists could not debate, the certificate of appealability is denied.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge